[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01790-CV-WSD-1

JESSE COLE COCHRAN,
DANIELLE M. COCHRAN,
individually and as next friends and
natural guardians of their son,
Austin Cochran,

Plaintiffs-Appellants,

versus

THE BRINKMANN CORPORATION,

Defendant-
Third Party-Plaintiff-
Appellee,

ROY COCHRAN,
RENA COCHRAN,

Third
Party-Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 9, 2010)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Jesse Cole Cochran and Danielle M. Cochran appeal the grant of summary judgment in favor of the Brinkmann Corporation on the Cochrans' product liability claim. Appellants also appeal two other decisions of the district court: (1) excluding the late-filed supplemental reports of appellants' expert and (2) ruling the affidavit of another expert, David Brani, to be non-admissible.

We review for abuse of discretion the district court's exclusion of the supplemental reports. Serra Chevrolet, Inc. v. General Motors, Corp., 446 F.3d 1137, 1146-46 (11th Cir. 2006). We review the court's determination that the Brani affidavit was not admissible for abuse of discretion as well. GE v. Joiner, 522 U.S. 136, 138-39 (1997). Finally, we review the entry of summary judgment de novo. Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010).

We have reviewed the record and find no reversible error. There was no abuse of discretion in the district court's exclusion of the supplemental reports as

they were not timely filed and no adequate reason for the late filing was given. Likewise, there was no abuse of discretion in excluding the Brani affidavit because it was submitted solely to support the claims of the excluded late-filed reports.

Because, as the district court concluded, these two evidentiary rulings left appellants with "no admissible evidence of alternative safer designs for the fryer in this litigation" and "[p]laintiffs have failed to offer reliable, admissible expert testimony or other evidence of an alternative design," we can find no error in the court's entry of summary judgment in favor of defendant Brinkmann Corporation.

AFFIRMED.